J-S44025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ZACHARY SCOTT MCPHAIL, | |
| Appellant | No. 882 EDA 2016 |

Appeal from the Judgment of Sentence March 4, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005380-2014

BEFORE:  BENDER, P.J.E., SHOGAN and MUSMANNO, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JULY 31, 2017**

Appellant, Zachary Scott McPhail, appeals from the judgment of sentence entered on March 4, 2016, in the Philadelphia County Court of Common Pleas.  We affirm.

The trial court provided the following procedural history:

> [Appellant] was arrested December 31, 2013.  On May 28, 2014, [Appellant] was formally charged with inter-alia:  1) Involuntary Deviate Sexual Intercourse with a Child pursuant to 18 Pa.C.S.A. §3123(b); 2) Unlawful Restraint pursuant to 18 Pa.C.S.A. §2902(a)(1); 3) Incest of a Minor under 13 Years of Age pursuant to 18 Pa.C.S.A. §4302(b)(1); 4) Corruption of Minors pursuant to 18 Pa.C.S.A. §6301(a)(1)(i); 5) Indecent Assault of a Child under 13 Years of Age pursuant to 18 Pa.C.S.A. §3126(a)(7); and 6) Endangering the Welfare of a Child pursuant to 18 Pa.C.S.A. §4304(a)(1).  On January 8, 2016, at the conclusion of his jury trial, [Appellant] was only found guilty of the charge of Endangering the Welfare of a Child. [Appellant] was found not guilty of all other charges.  On March 4, 2016, [Appellant] was sentenced to a period of confinement in a state correctional institution for 2 years 6

months to 5 years on the charge of Endangering the Welfare of a Child.

On March 11, 2016, [Appellant] timely filed [a] post-sentence motion for reconsideration of sentence pursuant to Pa.R.Crim.P. 720(B)(1)(a). On March 14, 2016, [Appellant's] motion was denied without a hearing.

On March 21, 2016, [Appellant] timely filed the instant appeal. . . . The Court ordered [Appellant] to file his Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b) on March 23, 2016. On April 13, 2016, [Appellant] filed his Statement of Errors Complained of on Appeal and contemporaneously filed a Request for Extension of Time to file his 1925(b) to obtain the Notes of Testimony from sentencing. The Court granted [Appellant's] extension. On June 15, 2016, the Notes of Testimony from the March 4, 2016 sentencing hearing became available. On July 7, 2016, [Appellant] filed an amended Statement of Errors Complained of on Appeal.

Trial Court Opinion, 8/30/16, at 1–2.

Appellant raises the following issue on appeal:

Did not the lower court impose an excessive and unreasonable sentence, contrary to the fundamental norms that underlie the sentencing process and to specific provisions of the Sentencing Code, including 42 Pa.C.S. §9721(b), when it imposed a sentence beyond the aggravated range of the sentencing guidelines (in fact, the maximum statutory sentence) for the charge of endangering the welfare of children (hereafter, EWOC), the sole offense of which [Appellant] was convicted; in particular, did not the lower court err by justifying its sentence upon [Appellant's] prior record, when that record was already take [sic] into account by [Appellant's] prior record score, and did not the lower court err by justifying its sentence upon its improper conclusion that the jury convicted [Appellant] of EWOC because it found that [Appellant] committed sexual offenses?

Appellant's Brief at 3. Appellant's issue is a challenge to the discretionary aspects of his sentence.

When an appellant challenges the discretionary aspects of his sentence there is no automatic appeal; rather, the appeal will be considered a petition for allowance of appeal. **Commonwealth v. W.H.M.**, 932 A.2d 155, 162 (Pa. Super. 2007). Furthermore, as this Court noted in **Commonwealth v. Moury**, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > [W]e conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. §9781(b).

**Id**. at 170 (citing **Commonwealth v. Evans**, 901 A.2d 528 (Pa. Super. 2006)).

> A substantial question requires a demonstration that "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." **Commonwealth v. Tirado**, 870 A.2d 362, 365 (Pa. Super. 2005). This Court's inquiry "must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." **Id**. Whether a substantial question has been raised is determined on a case-by-case basis; the fact that a sentence is within the statutory limits does not mean a substantial question cannot be raised. **Commonwealth v. Titus**, 816 A.2d 251, 255 (Pa. Super. 2003). However, a bald assertion that a sentence is excessive does not by itself raise a substantial question justifying this Court's review of the merits of the underlying claim. **Id**.

*Commonwealth v. Fisher*, 47 A.3d 155, 159 (Pa. Super. 2012). Whether the issue raised on appeal constitutes a substantial question is a matter evaluated on a case-by-case basis. *Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001).

Appellant has satisfied the first three elements of the four-part test from *Moury*. Appellant filed a timely notice of appeal, a timely motion to reconsider sentence, and he included a statement of reasons for the allowance of appeal in his brief. Appellant's Brief at 11. Accordingly, we address whether Appellant raised a substantial question.

Appellant asserted three instances in which the trial court abused its discretion: 1) the trial court double-counted factors that were already incorporated in the Sentencing Guidelines; 2) the trial court relied on impermissible factors when it imposed Appellant's sentence; and 3) the sentence was disproportionate to Appellant's conduct and was not justified. Appellant's Brief at 12–13. We conclude that Appellant raised substantial questions with each of his claims. *See Commonwealth v. Robinson*, 931 A.2d 15, 27 (Pa. Super. 2007) (a claim that the trial court impermissibly double-counted factors already incorporated in the sentencing guidelines raises a substantial question); *Commonwealth v. McNabb*, 819 A.2d 54, 56–57 (Pa. Super. 2003) (a claim that the trial court relied on impermissible factors raises a substantial question); and *Commonwealth v. Parlante*, 823 A.2d 927, 930 (Pa. Super. 2003) (a claim that the trial court

disproportionately sentenced the defendant without providing a justification raises a substantial question).

It should be noted that "sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008). Additionally, an abuse of discretion is not shown merely by an error in judgement; rather, an appellant must establish that the trial court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or reached a manifestly unreasonable decision. *Id*.

> When imposing a sentence, the sentencing court is required to consider the sentence ranges set forth in the Sentencing Guidelines, but it [is] not bound by the Sentencing Guidelines. *Commonwealth v. Yuhasz*, 592 Pa. 120, 923 A.2d 1111, 1118 (2007) ("It is well established that the Sentencing Guidelines are purely advisory in nature."); *Commonwealth v. Walls*, 926 A.2d 957, 965 (referring to the Sentencing Guidelines as "advisory guideposts" which "recommend ... rather than require a particular sentence"). The court may deviate from the recommended guidelines; they are "merely one factor among many that the court must consider in imposing a sentence." *Yuhasz*, 923 A.2d at 1118. A court may depart from the guidelines "if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, **and the gravity of the particular offense as it relates to the impact on the life of the victim and the community.**" *Commonwealth v. Eby*, 784 A.2d 204, 206 (Pa.Super.2001). When a court chooses to depart from the guidelines however, it must "demonstrate on the record, as a proper starting point, his awareness of the sentencing guidelines." *Eby*, 784 A.2d at 206. Further, the court must "provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines." 42 Pa.C.S.A. § 9721(b).

*Sheller*, 961 A.2d at 190 (emphasis added).

With respect to the first part of Appellant's argument concerning double-counting factors identified in the Sentencing Guidelines, specifically his criminal history, we note that as a general rule, courts are not permitted to double-count factors already included in the Sentencing Guidelines. *Commonwealth v. Goggins*, 748 A.2d 721, 732 (Pa. Super. 2000). Nevertheless, this Court had held that

> "[w]hen imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant." *Commonwealth v. Griffin*, 804 A.2d 1, 10 (Pa.Super.2002), appeal denied, 582 Pa. 671, 868 A.2d 1198 (2005), cert. denied, 545 U.S. 1148, 125 S.Ct. 2984, 162 L.Ed.2d 902 (2005). "In particular, the court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." *Id*. Where the sentencing court had the benefit of a presentence investigation report ("PSI"), we can assume the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Devers*, 519 Pa. 88, 101-02, 546 A.2d 12, 18 (1988).

*Moury*, 992 A.2d at 171.

Instantly, at sentencing, the trial court determined that Appellant possessed a prior record score of five and an offense gravity score of five. N.T., 3/4/16, at 7–8. The court proceeded to sentence Appellant to two and one-half to five years of imprisonment for Endangering the Welfare of a Child ("EWOC"). The trial court benefited from a presentence investigation, N.T., 3/4/16, at 20; thus, we can presume that it considered all relevant factors when imposing sentence. *Moury*, 992 A.2d at 171. From the

presence investigation report, the trial court gave particular consideration to Appellant's criminal history, which notably included statutory sexual assault. N.T., 3/4/16, at 6, 20. Moreover, the trial court was compelled to impose a sentence outside of the Sentencing Guidelines because this crime was also of a sexual nature, and the court stated that Appellant's prior record score did not sufficiently integrate the serious crimes of his prior record. *Id*. at 20. While Appellant minimizes the extent and severity of his prior criminal behavior, Appellant's Brief at 19, the trial court was under no obligation to do likewise. The trial court properly weighed Appellant's prior record, the nature of those crimes, the nature of the instant offense, Appellant's recidivism, and the PSI report. All of those considerations are permissible beyond the factors enumerated in the Sentencing Guidelines; thus, we cannot agree that the court double-counted any factors.

Appellant next claims that the trial court relied on impermissible factors when it imposed Appellant's sentence. Appellant's Brief at 12. Specifically, Appellant alleged that the trial court impermissibly inferred that the jury convicted Appellant of EWOC for his sex acts against the victim rather than the corporal punishment Appellant inflicted upon the victim. Appellant's Brief at 20. This claim is belied by the record. The trial court explicitly instructed the jury that this case concerned Appellant assaulting the victim sexually and nothing else. N.T., 3/4/16, at 18–19. Thus, the jury was informed that the sexual nature of the assault on the victim was the

behavior that endangered the victim's welfare, not the corporal punishment. Accordingly, there was no improper inference.

Finally, Appellant alleges that the trial court abused its discretion by failing to provide adequate justification for the sentence imposed. Appellant's Brief at 12. Section 9721(b) of the Sentencing Code requires the trial court to include the reason or reasons for the sentence, particularly if it is outside of the Sentencing Guidelines. *McNabb*, 819 A.2d at 57–58. Here, the Sentencing Guidelines provide a minimum sentence of twelve to eighteen months, plus or minus three months, for Appellant's EWOC conviction. 204 Pa.Code § 303.16. However, the court imposed a sentence of two and one-half to five years, nine months beyond the aggravated minimum sentence suggested by the Sentencing Guidelines. 204 Pa.Code § 303.16. Instantly, the trial court adequately described its rationale for imposing a sentence outside of the Sentencing Guidelines.

> **THE COURT:** All right. I've reviewed the presentence report. I've listened to the arguments of counsel. I reviewed the notes of testimony, especially my charge to the jury. I think both sides, the DA and defense counsel, make good points.
>
> It was a compromised verdict. That's what jurors are permitted to do. That's why they have all those cases that say inconsistent verdicts are still valid verdicts.
>
> And I was correct when I told the jury that is a charge that can include a wide range of conduct, but I think I also made it clear to the jury that the allegation in this case was the sexual assault, that it wasn't anything else. The allegation is here that the duty of care, protection or support means, among other things, you can't put your penis in her rectum.

Right before I said that, I also said, in this case, the allegation is that he penetrated her rectum; that's how he endangered her welfare.

And they were told that they had to find that beyond a reasonable doubt. So I don't think it's a mystery what they meant when they found him guilty of this. It was a weak jury who couldn't bring themselves to say guilty of other charges that sound more serious.

This is not a Megan's Law offense, right?

**MS. GILLUM:** Correct.

**THE COURT:** I don't know if anybody on the jury understood that. The foreman might've been well informed.

I don't know what they were thinking, but I do know that he doesn't deserve a guilty, no further penalty sentence. There's absolutely nothing in the presentence report or in his background that would justify that. The guideline range would allow me to give him a county jail sentence or a state prison sentence. The state prison sentence could be one-and-a-half to something and still be in the guidelines. However, I find that his prior record score understates the seriousness of his prior sexual assault. And this is a sexual assault. So on the one count, I sentence the defendant to two-and-a-half to five years in the state correctional institution. He is not RRRI eligible. He has to pay mandatory court costs. He'll get credit for time served.

N.T., 3/4/16, at 18–20.

After review, we discern no abuse of discretion. The trial court did not double-count factors already included in the Sentencing Guidelines, it did not rely on impermissible factors when sentencing Appellant, and it provided justification for Appellant's sentence. Accordingly, we conclude that Appellant is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>7/31/2017</u>